[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs Richard Hagan, d/b/a Vehicles Unlimited, and James Gauthier claim that the defendant New England Saving Bank CT Page 5370-BBBB is contractually liable to indemnify them for money judgments against each of them and defense costs incurred as a result of the verdict in the two prior civil actions entitled Tebbets v.New England Savings Bank and Richard Hagan d/b/a VehiclesUnlimited, Docket No. 505295, and Rowley v. New England SavingsBank and Richard Hagan d/b/a Vehicles Unlimited and JamesGauthier, Docket No. 505294.
The two cases were tried together, and all of the parties participated in such trial, each being represented by counsel.
The defendant New England Savings Bank (hereinafter "the Bank"), was a banking institution and its business consisted of, among other things, granting secured car loans.
Vehicles Unlimited, a sole proprietorship owned by Richard Hagan, was in the business of repossessing property. The defendant James Gauthier was an employee of Vehicles Unlimited.
The Bank used the services of the plaintiff company to repossess vehicles in which it had a security interest. The Bank retained the services of the plaintiff to repossess a vehicle owned by Mark Tebbets. In the course of that repossession the plaintiffs Hagan and Gauthier became involved in an incident with Mark Tebbets and Godfrey Rowley.
The events claimed to have occurred during the repossession attempt forms the factual bases for the multi-count merged complaints of Mark Tebbets and Godfrey Rowley.
In the Tebbets case, the jury found against Richard Hagan, d/b/a Vehicles Unlimited. The jury awarded the plaintiff economic damages of $6,500 and noneconomic damages of $10,000. In response to the following interrogatory in that case,
 "Do you find the Bank is responsible for the actions of Hagan/Vehicles Unlimited?"
The jury answered, "No."
In the Rowley case, the issues were found against Richard Hagan, d/b/a Vehicles Unlimited, and James Gauthier, and the jury awarded the plaintiff $27,000. In response to the interrogatory,
"Do you find the Bank is responsible for the CT Page 5370-CCCC actions of Hagan/Vehicle Unlimited and James Gauthier?"
The jury answered, "No."
In the Rowley case there were other interrogatories as follows:
 "Has the plaintiff proven assault and battery by a preponderance of the evidence?"
The jury answered, "Yes."
 "If you answered "Yes," was the assault wilful, malicious or wanton?"
The jury again answered, "Yes."
In the present case, testimony was presented through Attorney McCoy that, at the trial of the prior merged cases, a form entitled "Authorization to Make Repossession of Property" was offered in evidence. This form was used by Vehicles Unlimited as authority for Vehicles Unlimited to make the repossession on behalf of the Bank.
This court, upon examining the files of those cases, took judicial notice that the exhibits in those earlier cases had been destroyed. Evidence offered in the present case revealed that there is no other copy of the authorization from any other source. Accordingly, this court permitted the introduction of a exemplar of that authorization form, and allowed it to be introduced into evidence.
Based upon all of the evidence before the court, the court makes a finding that there was an executed authorization form identical to the exemplar which authorized Vehicles Unlimited to proceed with repossession. The authorization contained the following clause: "We agree to indemnify and save you harmless from and against any and all claims, losses and actions except unlawful acts of your firm or its employees." It is based upon this clause and agreement of the Bank that Vehicles Unlimited, Hagan and Gauthier are attempting to hold the Bank liable for the amount of the verdict against Vehicles Unlimited, Hagan and Gauthier, and the attorney's fees incurred by each of them in the prior actions. CT Page 5370-DDDD
The Bank pleaded special defenses. The first special defense asserted is res judicata/collateral estoppel. The Bank claims that the rights and liabilities of the parties concerning the matter set forth in the plaintiffs' complaint were expressly put in issue and were determined and adjudicated in Tebbets andRowley. In this regard, the court points out that in each of the plaintiff's verdict forms in Tebbets and Rowley, there are interrogatories in addition to those previously referred to.
 In Tebbets, one of the interrogatories stated: "Do you find that the Bank is responsible for the action of Hagan/Vehicles Unlimited?"
The jury answered, "No."
In Rowley, the interrogatory presented was as follows:
 "Do you find that the Bank is responsible for the actions of Hagan/Vehicles Unlimited and James Gauthier?"
The jury answered, "No."
The defendant's second special defense is based on the Statute of Frauds. The Bank asserts that the plaintiffs are barred from seeking the relief requested by operation of Conn. Gen. Stat. § 52-550. The Bank contends that the plaintiffs are seeking to enforce an alleged promise to answer for the "debt, default or miscarriage" of another, namely themselves, without any document in writing signed by the defendant.
The court is satisfied that this defense lacks merit. The court has previously made a finding that there was a written document which had been destroyed. There is no other copy of that document. The testimonial evidence and exemplar are sufficient bases to reconstruct the destroyed written document.
The defendant has also claimed a third special defense, more particularly, that the recovery of damages against the defendant would be contrary to public policy and that persons who cause injuries as a result of wanton wilful malicious behavior are not entitled to be indemnified or held harmless by another.
The final special defense claims that the plaintiffs' cause CT Page 5370-EEEE is barred by the doctrine of clean hands because the plaintiffs were responsible for the conduct which resulted in the verdict.
This court has read the entire charge delivered by Judge Hurley in the Tebbets and Rowley merged cases. There is no reference in the judge's charge to the authorization form or to the indemnity or hold harmless clause contained therein. By virtue of the charge, this court concludes that the only individual who was alleged to have committed a trespass was Hagan and the only individual who was alleged to have committed an assault and battery was Gauthier.
Trespass, assault and battery are unlawful acts. The verdict forms used in the prior cases are general verdict forms. The original complaints contained allegations of unlawful acts performed by both Hagan and Gauthier. The jury interrogatories speak for themselves.
There is no credible evidence from which this court can conclude that there ever was a request to supply or retain counsel for, or to pay for counsel for Tebbets or Rowley either prior to or during the earlier litigation.
The only evidence of attorney's fees is a bill presented after that trial. After the findings were made by the jury.
This court finds for the defendant on the first and third special defenses.
Judgment may enter for the defendant.
Walsh, John F., J.